

**U.S. Department of Justice**

United States Attorney
District of Minnesota

*600 United States Courthouse*          *Telephone: (612) 664-5600*
*300 South Fourth Street*                    *Fax: (612) 664-5787*
*Minneapolis, MN 55415*

May 8, 2026

The Hon. John F. Docherty
U.S. District Court
  for the District of Minnesota
316 North Robert Street
St. Paul, MN  55101

**Re:**   *United States v. Wilson*, **No. 26-cr-27 (LMP/JFD) – Discovery**

Dear Judge Docherty:

Pursuant to the Court's May 5, 2026 order (ECF No. 61), the government respectfully submits this status update regarding Defendant Caesar M. Wilson's access to discovery in the above-captioned case.

As background, on January 29, 2026, a grand jury returned an indictment charging Wilson with false claims, conspiracy to submit false claims, money laundering, and bank fraud.  (Indictment, Jan. 29, 2026, ECF No. 1.)

The conduct alleged in the indictment is:  Wilson submitted and conspired to submit false tax returns requesting more than $210 million in tax refunds to which Wilson was not entitled; Wilson actually received more than $9 million and his coconspirator Nathan Staples actually received more than $10 million in undeserved tax refunds; Wilson received and cashed a $50,000 check from Nathan Staples, in funds composed of fraud proceeds; and that Wilson committed multiple frauds on banks.  (*See generally id.*)

Wilson made his initial appearance on February 5, and was released on conditions.  (ECF Nos. 6, 8, 9.)  One of the conditions of release was that Wilson not possess a computer or have access to the internet except under approval of Probation.  (ECF No. 8 at 4.)

At the initial appearance, Wilson requested and accepted the appointment of a public defender.  (ECF No. 6.)  Attorney Patrick Leach was appointed and appeared on Wilson's behalf on February 10.  (ECF No. 16.)

The Court ordered the government to produce discovery by February 19.  (ECF No. 12.)  The government was prepared to produce discovery by the deadline, but in discussing the production with Leach, the government learned Wilson was interested in proceeding pro se, though Leach's representation had not yet been terminated.  Given the uncertain status of Leach's representation, Leach stated he was not in a position to accept discovery.  The government did not produce discovery at that point.

On March 6, 2026, the Court held a status conference in the case.  The Court granted a motion by Wilson to proceed pro se, and ordered Leach to serve as standby counsel.  (ECF No. 25.)  The Court ordered the government to produce discovery via flash drive to Leach, who would provide it to Wilson.  (*Id.*)  The government did so.  (*See* ECF No. 46 (Court Minutes) ("The government's Rule 16 disclosures have been made.").)

Next, on March 31, Wilson moved the Court to "compel functional access to discovery."  (ECF No. 48.)  Wilson stated he could access the material on a Carver County public library computer, but could not access or organize the material, and certain material was not viewable on the library computer software.  (*Id.*)

On April 8, 2026, at another status conference, the Court ordered Wilson, the Probation Officer, and an assistant U.S. attorney to meet to address discovery access issues.  (ECF no. 53.)  That meeting occurred.  Wilson was able to access the material on his own Apple laptop, in the presence of the Probation Officer, consistent with Wilson's conditions of release.  However, Wilson complained in a court filing that he was unable to retain files or organize files, for comparison of material over time.  (ECF No. 54.)

At a third status conference on April 24, 2026, Wilson's concerns about file organization.  The possibility of printing paper copies of the discovery was raised.  Leach stated he believed the total printed discovery would amount to one or two bankers boxes.  The government agreed to print the material, and the Court ordered that the government do so by May 1.  (ECF No. 57.)

In advance of the May 1 deadline, the government attempted to comply with the Court's printing order.  But in that process the government learned the total printed material would far exceed one or two bankers boxes—it was more than 50,000 pages.  Printing two copies of that amount of paper was impractical.  The government conveyed this problem to Leach, who conveyed it to Wilson.

May 8, 2026
Page 3

Separately, the government understands that Probation has contacted the Carver County library, who represented that county library computers can access common file types such as PDFs, Word documents, Excel files, and MP3 audio files.

In light of Wilson's statement that certain files in the discovery could not be opened on county library computers, the government has reviewed the discovery and identified 60 files that Wilson may have difficulty opening on a library Windows-based computer. These files are as follows:

- 20 Apple Numbers files, that are meant to be opened on an Apple computer in Numbers software, i.e., the files might not be viewable on a library Windows-based computer but Wilson can view them on his Apple laptop while meeting with Probation;

- 9 password protected files, for which the government has now shared the password with Wilson;

- 31 documents that the government itself cannot open, presumably because the files are corrupt or for some other reason, but 30 of these documents are either identifiable duplicates of other documents or can be supplied in native file format—one of the unopenable documents is simply unreviewable by the government.

Prior to the filing of this letter update, the government shared an index of these files with Wilson.

In this context, the government believes the current situation allows Wilson access to all discovery, and that it's Rule 16 obligations have been met. Wilson can view and access the vast majority of the discovery at the library. For any files he cannot access at the library, he can review them while meeting with Probation. Wilson is free to organize his work with a notebook or through access to the library's word processing software. The government is available to attend another meeting with Wilson and Probation to discuss any issues.

Last, because printing the entire discovery file is impractical, and because another workable solution is available, the government respectfully moves for reconsideration of the Court's April 24, 2026 text-entry order regarding the printing of paper copies, consistent with this status update.

May 8, 2026
Page 4

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

*/s/ Matthew D. Forbes*
Matthew D. Forbes
Assistant U.S. Attorney