UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-27 (LMP/JFD)

UNITED STATES OF AMERICA,

Plaintiff,

v.

**GOVERNMENT'S BRIEF REGARDING CONDITIONS OF PRE-TRIAL RELEASE**

CAESAR MUNIR WILSON,

Defendant.

The United States of America, by and through its undersigned attorneys, submits this brief regarding Defendant Caesar Wilson's conditions of release relating to employment. In sum, because little is known about Wilson's proposed project work, the government respectfully recommends that the Court engage Wilson in a colloquy at the upcoming status conference to gain additional detail as about his work.

As background, the government understands that Wilson is seeking to serve as an independent contractor for businesses and individuals to assist with project-based document work. Wilson has represented to Probation and the Government that his project work would not involve access to personally identifiable information ("PII") or to financial information or accounts. Little else is known about this work.

The indictment alleges that Wilson used a computer to commit tax and bank fraud by drafting, editing, and manipulating documents, such as tax forms and checks, and also submitting over the internet various bank transfer requests. (*See, e.g.*, Indictment ¶¶ 15, 19, 36, 39, 41–42.) Wilson also trained others, including Nathan Staples, on how to do the same. (*See, e.g.*, *id.* ¶¶ 26–28, 34.)

The government understands that Probation and Wilson are in agreement on most relevant points regarding the relevant conditions for Wilson's project work: Probation will verify Wilson's contracts with the contracting party, ensuring the legitimacy of the work, and Wilson will not have access to PII or financial information or accounts. The core dispute is whether Probation will notify the contracting parties of Wilson's charges.

Because very little is known about the nature of Wilson's proposed project work, the government cannot offer a specific recommendation at this time. If Wilson's work is unrelated to the kind of document drafting and editing alleged in the indictment, if it is for arms-length counterparties (for example, if he is working through Fiverr or another project-work platform), and if it is unrelated to the Sovereign Citizen world, the government anticipates that perhaps Probation could verify the work without giving notice of the charges. But if, on the other hand, Wilson is proposing to assist others in the Sovereign Citizen community with tax-related or trust work, the government would be concerned.

In conclusion, the government respectfully recommends that the Court engage Wilson in a colloquy at the upcoming status conference to learn the facts of his proposed contract work.

Dated: May 22, 2026

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

/s/ *Matthew D. Forbes*
MATTHEW D. FORBES
Assistant U.S. Attorney

2